# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: | |
| RODNEY WOMACK and VICTORIA WOMACK | Bankruptcy Case No. 05-20864-BH (Chapter 7) |
| Debtors. | |
| _____ | |
| WILLIAM DAWSON PULLIAM, Personal Representative of the Estate of Leona Plummer, deceased, and GINGER D. GODDARD, Trustee, | |
| Appellees, | |
| v. | Case No. CIV-06-0614-F |
| RODNEY WOMACK and VICTORIA WOMACK, Individually and as Guardian of Linda Hefner, a mentally ill person, | |
| Appellants. | |

## **O R D E R**

On August 24, 2006, a Motion to Stay Appeal was filed by appellants, Rodney Womack and Victoria Womack, individually, wherein appellants requested this court to enter an order staying this bankruptcy appeal pending a decision by the Oklahoma Supreme Court on the Motion to Substitute Party Appellants filed by Ms. Womack in a pending appeal before the Oklahoma Supreme Court, Case No. 102287. The motion

was deemed ratified and adopted by appellant, Victoria Womack, as guardian of Linda Hefner, a mentally ill person, by order dated September 7, 2006.

On October 12, 2006, Victoria Womack, in her individual capacity and in her capacity as guardian for Linda Hefner, filed a Notice of Ruling by the Oklahoma Supreme Court in a Related Case. Attached to the notice is an order by the Oklahoma Supreme Court treating the Motion to Substitute Party Appellants as a motion to add party appellants and granting that motion. In the order, the Oklahoma Supreme Court stated that Ginger Goddard, as Trustee of the Bankruptcy Estate of Victoria and Rodney Womack, was added as a party appellant. It also stated that Victoria Womack, individually, remained a party appellant, but her interest in the appeal was limited to any order that would affect her homestead, which was not property of the bankruptcy estate. It also stated that the caption of the cause should reflect Victoria Womack's appearance as the guardian for her mother, Linda Hefner.

In the concluding paragraph of the notice, Ms. Womack represents that the Motion to Stay Appeal is now moot and is withdrawn.

In light of the Oklahoma Supreme Court's ruling on the Motion to Substitute Party Appellants, the court agrees with Ms. Womack that the Motion to Stay Appeal is now moot. The motion shall therefore be denied as moot.

In paragraphs 3, 4, and 5 of the notice, Ms. Womack argues that in light of the Oklahoma Supreme Court's ruling, "Ms. Womack obviously has standing to proceed in this appeal on behalf of Ms. Hefner;" "Trustee Goddard and the bankruptcy court committed an abuse of discretion by ignoring Ms. Hefner's rights and interests in entering and approving the settlement;" and "the Goddard-Pulliam settlement cannot be completed, because the settlement requires Ms. Goddard to dismiss the state court appeal."

The court concludes that appellees should be permitted to respond to such arguments, if they so desire, and to address the effect, if any, of the Oklahoma Supreme Court's ruling on the Motion to Substitute Party Appellants on this bankruptcy appeal. Appellants will be permitted to reply to any response filed.

Accordingly, Appellants' Motion to Stay Appeal, filed August 24, 2006 (doc. no. 15) is **DENIED** as **MOOT**.

Appellees, William Dawson Pulliam, personal representative of the estate of Leona Plummer, deceased, and Ginger D. Goddard, trustee, if they so desire, shall file a response to the arguments by Ms. Womack in paragraphs 3, 4, and 5 of the Notice of Ruling by the Oklahoma Supreme Court in a Related Case on or before October 27, 2006. Appellants, Rodney Womack, and Victoria Womack, individually and as guardian of Linda Hefner, a mentally ill person, shall file any reply to any response on or before November 1, 2006.

DATED October 13, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0614p008(pub).wpd